IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-00764-RJC
(3:04-cr-00208-RJC-CH-1)

| | | |
|---|---|---|
| NATHANIEL CORTEZ FORD, | ) | |
| | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | |

**THIS MATTER** is before the Court upon consideration of Petitioner's Motion to Vacate, Set Aside or Correct sentence, pursuant to 28 U.S.C. § 2255, and for alternative relief, (Doc. No. 3), and the Government's Response, (Doc. No. 7). For the reasons that follow, Petitioner's motion will be dismissed and his alternative claims for relief will be denied.

I. BACKGROUND

On August 23, 2004, Petitioner was indicted for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). (Case No. 3:04-cr-208, Doc. No. 1). Petitioner was found guilty of the § 922(g) charge following a jury trial on August 9, 2005. (Id., Doc. No. 30: Verdict). The Indictment and the Presentence Report (PSR) noted prior state convictions which were used to calculate a total offense level of 24, criminal history category IV, and resulting advisory guidelines range of 77 to 96 months' imprisonment. (Id., Doc. No. 63: PSR at ¶¶ 17, 33, 48, 74).

At the sentencing hearing, however, the Court sustained Petitioner's objection, without opposition from the Government, to enhancing his base offense level to 24 based on his 1997

1

North Carolina felony possession of cocaine conviction because it was not a "controlled substance offense" as that term is contemplated under USSG §2K2.1(a)(2). (Id., Doc. No. 45: Sent. Hr'g Tr. at 3). Counsel did not challenge enhancing the base offense level to 20 based on Petitioner's prior "crime of violence," the accessory to second degree murder after the fact conviction, resulting in a reduced range of 51 to 63 months. (Id.). The Court sentenced Petitioner within the range to 60 months' imprisonment and three years' supervised release and entered Judgment on June 20, 2006. (Id., Doc. No. 37: Judgment). Petitioner appealed his conviction and sentence based on evidentiary issues in trial and the desire for concurrent time with a state sentence, but the United States Court of Appeals for the Fourth Circuit affirmed in a per curiam opinion on April 3, 2007. United States v. Ford, 228 F. App'x 304 (4th Cir. 2007) (unpublished).

Petitioner filed the instant motion through counsel on November 15, 2012, contending his 1997 cocaine conviction should not have been used to enhance his base offense level under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), because it no longer qualifies as a felony. (Doc. No. 1: Motion at 3). He further argues that if he is resentenced, his 2004 accessory conviction should not be used to enhance his base offense level because it is not a crime of violence. (Id.). The Government responds that Petitioner's motion is untimely and without merit because the Court granted Petitioner's objection to the enhancement based on the cocaine conviction and Petitioner procedurally defaulted any claim regarding the accessory conviction. (Doc. No. 7: Response at 1, 8-9). Petitioner also raises alternative claims for relief under 28 U.S.C. § 2241, writ of error coram nobis, and writ of audita querla, which the Government opposes.

2

II.     STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that district courts are to promptly examine a motion to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.3d 526, 529 (4th Cir. 1970).

III.    DISCUSSION

   A.   Relief under § 2255

   1.   Timeliness

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under the AEDPA, there is a one-year statute of limitations for filing a motion for collateral relief. Section 2255(f) provides:

> (f)    A 1 year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Petitioner's Judgment became final on or about July 2, 2007, after his time to petition the Supreme Court for writ of certiorari expired. See Clay v. United States, 537 U.S. 522, 525 (2003). The Fourth Circuit's en banc decision in Whiteside v. United States, 775 F.3d 180, 183 (4th Cir. 2014) makes it clear that Petitioner's § 2255 motion is untimely and cannot be saved by equitable tolling. In that case, as in this one, the § 2255 motion challenging predicates used for guideline sentencing enhancements was filed years after the Judgment became final and nothing prevented Petitioner from filing within the statute of limitations, which the Government asserts as a defense in this case. Id., 775 F.3d at 183-187 (noting that Simmons does not represent a "fact" under § 2255(f)(4)); rejecting equitable tolling and noting many defendants raised challenges prior to Simmons "asserting the exact same substantive claim . . . including [Jason] Simmons himself") (collecting cases).[1] Therefore, Petitioner is clearly not entitled to relief on this untimely claim.

2. Standing

Although Petitioner was in custody when he filed his § 2255 motion, he is currently on supervised release. (Case No. 3:04-cr-208, Doc. No. 77: Order Modifying Conditions of Supervision). Thus, Petitioner lacks standing to bring this claim challenging on the length of the sentence, not the conviction itself.[2] Spencer v. Kemna, 523 U.S. 1, 7 (1998) (a petitioner must

---

[1] Simmons, who was sentenced in this district, unsuccessfully raised this type of claim on April 23, 2008, prior to sentencing. (Case No. 1:07-cr-77, Doc. No. 33 at 4-6).

[2] The motion includes a challenge to the § 922(g) conviction, but states that Petitioner's sentence should not have been enhanced by the non-felony state cocaine possession conviction. (Doc. No. 1: Motion at 3). His accessory conviction carried 61 to 83 months' imprisonment, (Case No. 3:04-cr-208, Doc. No. 63: PSR at ¶ 48), clearly serving as a valid predicate for his federal felon in possession of a firearm conviction.

4

also show that, in spite of subsequent release, he can still meet "the case or controversy requirement of Article III, § 2, of the Constitution.").

Even if the Court were to consider the merits of Petitioner's claim, it would fail because the challenged prior drug conviction was not used to enhance his sentence as a felony controlled substance offense under USSG §2K2.1(a)(2). (Case No. 3:04-cr-208, Doc. No. 45: Sent. Hr'g Tr. at 3). Petitioner has also not shown cause and prejudice to excuse his failure to challenge the accessory conviction as not being a crime of violence on direct appeal. See Massaro v. United States, 538 U.S. 500, 504 (2003) (generally, claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice).

### B. Alternative Claims for Relief

#### 1. 28 U.S.C. § 2241

Alternatively, Petitioner asserts he is eligible for relief under 28 U.S.C. § 2241, writ of error corram nobis, and writ of audita querela. (Doc. No. 1: Motion at 19, 22, 23). A petitioner may proceed under § 2241 in an effort to challenge his conviction or sentence only if he can demonstrate that a remedy afforded under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). "It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit has concluded that the remedy under § 2255 is "in adequate or ineffective" only when:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not of one of constitutional law.

In re Jones, at 333-34.

Here, Petitioner's claim fails because he cannot show that § 2255 was inadequate to challenge his sentence; therefore, his § 2241 petition will be denied. He also cannot show that his conduct is no longer deemed criminal because the unchallenged felony accessory conviction continues to prohibit Petitioner's possession of a firearm.

C. Coram Nobis

Relief pursuant to a writ of coram nobis should be limited to petitioners that are no longer in custody following their conviction. See Carlisle v. United States, 517 U.S. 416, 428-29 (1996); see also United States v. Orocio, 645 F.3d 630, 634 n.4 (3rd Cir. 2011) ("The writ of error coram nobis 'is used to attack allegedly invalid convictions which have continuing consequences, when the petitioner has served his sentence and he is no longer 'in custody' for purposes of 28 U.S.C. § 2255.'") (internal citations omitted), abrogated on other grounds by, Chaidez v. United States, 133 S. Ct. 1103 (2013). At the time Petitioner filed this action, he was in custody therefore this writ should not afford relief. Additionally, the length of sentence, not the conviction itself, is at issue in this matter making coram nobis relief unavailable.

D. Audita Querela

Finally, the Court finds that the writ of audita querela is unavailable to a petitioner that may otherwise challenge his conviction or sentence by way of a § 2255 motion. "A writ of audita querela is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under § 2255." In re Moore, 487 F. App'x 109 (4th Cir. 2012) (unpublished) (citing United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002)), and United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992) (noting that relief under this writ is unavailable to a petitioner who

could raise his claim pursuant to § 2255). For the reasons stated above, Petitioner could have raised his claim by a timely § 2255 motion; therefore, the request for a writ of audita querela will be denied.

IV. CONCLUSION

For the reasons stated herein, the Court finds that Petitioner is not entitled to relief and his § 2255 motion will be dismissed and his alternative claims for relief will be denied.

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that Petitioner's alternative claims for relief are **DENIED**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: July 20, 2015

Robert J. Conrad, Jr.
United States District Judge